# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL NO. 1:17-cv-00060-MR-DCK

| | |
|---|---|
| ROBERT ELLIOTT and WENDY ELLIOTT, Individually and as Guardians Ad Litem for J.E., a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> SUGAR MOUNTAIN RESORT, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) **O R D E R** ) ) ) ) ) ) ) |

**THIS MATTER** is before the Court on the parties' Joint Motion to File Under Seal. [Doc. 27].

The parties seek leave to file under seal the parties' Confidential Settlement Agreement and Release ("Settlement Agreement") [Doc. 28] filed in support of their Joint Motion to Approve Confidential Settlement Agreement. [Doc. 24]. For grounds, the parties state that the Settlement Agreement identifies the minor Plaintiff and provides personal financial information regarding the minor Plaintiff. The Settlement Agreement also

references terms of the parties' agreement, the details of which the Plaintiffs have agreed to keep confidential. [Doc. 27].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 255-56 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The parties filed their motion on January 11, 2018, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the document at issue contains personal information regarding the minor Plaintiff, as well as terms of the parties' confidential settlement agreement, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the document is narrowly tailored to serve the interest of protecting both the minor Plaintiff's privacy and the confidentiality of the parties' settlement agreement.

**IT IS, THEREFORE, ORDERED** that the Joint Motion to File Under Seal [Doc. 27] is **GRANTED**, and the Confidential Settlement Agreement [Doc. 28] filed in this matter for approval by the Court remains sealed.

**IT IS SO ORDERED.**

Signed: January 18, 2018

Martin Reidinger
United States District Judge