# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL NO. 1:17-cv-00060-MR-DCK

| | | |
|---|---|---|
| ROBERT ELLIOTT and WENDY ELLIOTT, Individually and as Guardians Ad Litem for J.E., a minor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | ORDER APPROVING SETTLEMENT FOR THE BENEFIT OF THE MINOR PLAINTIFF |
| SUGAR MOUNTAIN RESORT, INC., | ) ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Parties' Joint Motion to

Approve Confidential Settlement Agreement.  [Doc. 24].

## BACKGROUND

On February 28, 2017, the Plaintiffs Robert Elliott and Wendy Elliott

("Plaintiffs"), individually and as guardians *ad litem* for the minor J.E.[1],

brought this action against Sugar Mountain Resort, Inc., asserting claims of

negligence, negligence *per se,* and "willful and wanton conduct," arising out

---

[1] The minor child, who is identified herein only by his initials, is identified by name in the Sealed Addendum to Order being entered contemporaneously herewith.

of an incident that occurred on February 14, 2016 at the Sugar Mountain

Resort ("Resort") located in Avery County, North Carolina. [Docs. 1, 14]. As

a result of this incident, the minor child sustained personal injury and the

Plaintiffs incurred medical and other expenses for the treatment of the minor

child's injuries. The Plaintiffs and the minor child are residents of Tennessee.

Defendant Sugar Mountain Resort, Inc., is a North Carolina corporation with

a principal place of business in Avery County, North Carolina.

On February 28, 2017, Magistrate Judge David S. Cayer granted

Plaintiffs' motion to appoint themselves as guardians *ad litem* for the minor

child. [Docs. 2, 9]. On October 28, 2017, the Court was advised that the

parties had reached a settlement. On November 27, 2017, the parties filed

the Joint Motion to Approve Confidential Settlement Agreement. [Doc. 24].

## FINDINGS OF FACT

On January 19, 2018, this matter came on for final hearing before the

Court. Present at the proceeding were counsel for the Plaintiffs; counsel for

the Defendant; the Plaintiffs Robert Elliott and Wendy Elliott, individually and

as the guardians *ad litem* for the minor child; and the minor child himself, J.E.

Prior to the hearing, the Court reviewed the settlement and release

documents and filings pertinent to this matter. At the hearing, Plaintiffs'

counsel provided the Court with a settlement statement, which provided the

details of the payments to be made under the settlement agreement and release. The settlement statement was filed under seal after the hearing. [Doc. 30]. Additionally, on the Court's request, the parties filed under seal a revised settlement agreement and release. [Doc. 31].

Based on the Court's document review and based on the statements of counsel and the Plaintiffs at the hearing, the Court makes the following **FINDINGS OF FACT:**

1. The Plaintiffs Robert and Wendy Elliott are the natural parents of the minor child J.E. They have been duly appointed by the Court to serve as guardians *ad litem* of the minor child. At the hearing held on January 19, 2018, Robert and Wendy Elliott acknowledged that they:

(a) had read the "settlement documents" filed in this matter, including the confidential settlement agreement and release and the settlement statement, and that they understood and assented to the terms thereof.

(b) had conferred with counsel of their choice regarding their decision to settle this matter.

(c) understand that the settlement documents propose that certain consideration be paid for the benefit of the minor child.

(d)    believe that the proposed settlement for their minor child is fair and reasonable under the circumstances of this case as to the nature of the settlement, the amount of the monetary payment element of the settlement, and as to the proposed disbursement of the settlement.

(e)    understand that, if the Court approves the settlement and release agreement, the consideration due will be provided as described in the settlement documents filed under seal herein.

(f)    understand that, if the Court approves the settlement and release agreement, the provision of the consideration for the settlement by the Defendant will terminate their claims and any claims of their minor child against the Defendant. They further acknowledged that they understand that their decision to accept the settlement and release agreement on behalf of their minor child (if such agreement is approved by the Court) will bind their minor child and said child will be enjoined from seeking any future redress against the Defendant, pursuant to the settlement and release agreement, based upon the acts and omissions alleged in the Complaint.

2.    To make a determination about the reasonableness of the settlement and release agreement, the Court requested that counsel for the Plaintiffs and the Defendant give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiffs' claims

and any defenses thereto. The parties complied with the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

The incident which gave rise to this litigation occurred while the minor child was snowboarding at the Resort. The minor child was riding one of the ski lifts at the Resort on or about 4:30 p.m. on the day of the incident. Due to a confluence of circumstances, he remained on the lift after it had been shut down for the evening. At the time the lift was shut down, the minor child's lift chair was positioned approximately 20-30 feet above the ground over a heavily wooded area. He remained on the lift for approximately two hours without being found or rescued. With the temperatures below freezing and snow making operations at the Resort ongoing, the minor child decided to remove his snowboard and jump from the lift to the ground below. The minor child sustained physical injuries as a result of this fall.

In evaluating the provisions of the settlement and release agreement, the Court assessed the following factors. As explained by the Plaintiffs' counsel, the primary weakness of Plaintiffs' case is the minor child's relatively significant medical improvement and the lack of long-term residual injury. Plaintiffs' counsel also acknowledged that Defendant's contributory negligence defense could prove problematic, particularly given the

rebuttable presumption that the minor child, being 14 years old or more at the time of incident, had the capacity to exercise the same degree of care for his own safety as an adult. The Plaintiffs had, however, relatively strong evidence on the issue of Defendant's liability. Defense counsel acknowledged that there are some potential issues with liability. Defense counsel also provided details of Defendant's credible position on the minor child's contributory negligence and described the lack of any previous incidents of this nature at the Resort during its 50 years of operation.

3.    Based upon all of the foregoing, the Court finds that the settlement and release agreement is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

## CONCLUSIONS OF LAW

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1.    Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). The Plaintiffs Robert and Wendy Elliott,

acting in their capacities as guardians *ad litem*, are competent in all respects and are able to understand the ramifications of the settlement and release agreement, as well as the effect it would have upon their minor child, and are competent and able to execute their duties accordingly.

2.      The extent, nature, and amount of recovery for the minor child is fair and reasonable and the disbursement of such as ordered herein is in the best interests of the minor child.

3.      The disbursement of the settlement proceeds, as set forth in the sealed settlement and release agreement and settlement statement, benefits the minor child by the way in which the funds are to be disbursed.  The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

4.      The parties agree that all payments made under the settlement agreement and release constitute damages on account of personal physical injuries or physical sickness within the meaning of Internal Revenue Code Section 104(a).

5.      The parties agree that upon the assignment by Defendant's insurer, Granite State Insurance Company ("Insurer"), of its obligation to make periodic payments under Paragraph 2.2 of the agreement to MetLife

Assignment Company, Inc. ("MetLife"), Insurer is released from all obligations to make any periodic payments and MetLife shall be directly and solely responsible for making periodic payments.

6. The Plaintiffs Robert and Wendy Elliott, as parents and guardians *ad litem* of the minor child, have bound their minor child herein in the same manner as if such minor had consented to the settlement as an adult.

7. The settlement and release agreement should be approved.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Joint Motion to Approve Confidential Settlement Agreement [Doc. 24] is **GRANTED**, and the parties' settlement and release agreement filed in this matter under seal [Doc. 31] is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all of the Plaintiffs' claims within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: January 31, 2018

Martin Reidinger
United States District Judge